# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:26CR3048 |
| Plaintiff, | ) | |
| -vs- | ) | **BRIEF IN SUPPORT OF MOTION TO SUPPRESS** |
| DAVID TURNER, | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

Law enforcement alleges that on March 12, 2026, officers arranged a controlled purchase between a confidential informant and David Turner. Officers reported that they viewed text messages exchanged between the confidential informant and Turner that morning. According to law enforcement, the messages arranged an exchange of two ounces of methamphetamine at the U-Stop in Waverly, Nebraska. Based on previous investigations, law enforcement believed Turner kept methamphetamine in a storage unit at Waverly Mini Storage. Before the planned controlled purchase, law enforcement obtained a warrant to search Turner’s storage unit and a white 2015 Chevrolet Express van.

Turner arrived at the U-Stop at approximately 1:08 p.m. Officers surrounded his vehicle and arrested him. They searched the Chevrolet Express van and reported finding approximately one ounce of suspected methamphetamine. Once Turner was in custody, law enforcement approached him and discussed whether he would like to speak with police. (Ex. 101 at 0:35). Turner was not given his Miranda warnings prior to this interaction with law enforcement. Officers asked Turner questions and made statements that were reasonably likely to elicit a response.

Officers then transported Turner to the Lancaster County Jail.

At the jail, Investigator Parson attempted to interview Turner. The recorded encounter shows that Investigator Parson engaged Turner in a lengthy discussion before providing any Miranda warnings. (Ex. 101). During that discussion, law enforcement asked Turner questions and made statements reasonably likely to elicit incriminating responses. Turner made statements in response to the officers' questions and comments that the prosecution may seek to use as incriminating evidence.

Turner did not receive Miranda warnings until approximately 27:00 minutes into the recorded encounter. After receiving the warnings, Turner asserted his right to counsel.

LEGAL STANDARD

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." (USCS Const. Amend. 5) Miranda warnings are required when law enforcement initiates interrogation after a person has been taken into custody or otherwise significantly deprived of freedom of action. *United States v. Rooney*, 63 F.4th 1160, 1167 (8th Cir. 2023). The Court examines whether the defendant was in custody and subjected to interrogation. *United States v. Head*, 407 F.3d 925, 928 (8th Cir. 2005).

Custody is determined from the totality of the circumstances, with the ultimate question being whether a reasonable person in the suspect's position would have felt free to end the interview. *United States v. Aldridge*, 664 F.3d 705, 711 (8th Cir. 2011). A suspect is entitled to Miranda warnings before custodial interrogation when an officer's interaction with the suspect is likely to elicit an incriminating response. *United States v. Rooney*, 63 F.4th 1160, 1167 (8th Cir. 2023). Interrogation includes express questioning and its functional equivalent. *United States v. Aldridge*, 664 F.3d 705, 711 (8th Cir. 2011). "The term "interrogation" under Miranda refers not only to express questioning, but also to any words or actions on the part of the police . . . that

the police should know are reasonably likely to elicit an incriminating response from the suspect. The latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police." *United States v. Criswell*, 696 F.2d 636, 638 (8th Cir. 1983) quoting *Rhode Island v. Innis*, 446 U.S. 291, 301, 64 L. Ed. 2d 297, 100 S. Ct. 1682 (1980)

ARGUMENT

It is clear from Exhibit 1 and Exhibit 2 that Turner was in custody. Officers had surrounded Turner's vehicle, arrested him, placed him in restraints, and transported him to the Lancaster County Jail. Turner was not free to leave or terminate the encounter.

The recorded encounter at the jail in Exhibit 1 lasted approximately twenty-seven minutes before Investigator Parson advised Turner of his Miranda rights. During that period, law enforcement did not merely complete routine procedures associated with arrest and custody. Investigator Parson attempted to interview Turner, asked him questions, and made statements reasonably likely to elicit incriminating responses concerning the investigation.

Turner's responsive statements demonstrate the connection between the officers' conduct and the resulting admissions. Many of Turner's statements followed questions or police comments calculated by their nature to prompt a response about the investigation. Those exchanges were interrogation.

CONCLUSION

Defendant requests that the Court grant his Motion to Suppress and exclude from the prosecution's case-in-chief all statements he made during the March 12, 2026 after his arrest at the scene as well and during the jail interview before Investigator Parson administered Miranda warnings.

Dated this 13th day of October, 2026.

Respectfully submitted,

DAVID TURNER, Defendant

By: /s/ *Korey L. Reiman*

Korey L. Reiman
Assistant Federal Public Defender
112 Federal Building
Lincoln, NE 68508
402-221-7820
Attorney for Defendant